CLERK'S OFFICE U.S. DIST. COURT
AT BIG STONE GAP, VA
FILED

FEB 1 8 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| KENNETH S. STERNBERG, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:11CV8 |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

Plaintiff, Kenneth S. Sternberg, brings this action for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(e)(2) and 1402(b), as the acts and omissions complained of herein occurred in this District.

## PARTIES

3. Plaintiff is a Federal inmate serving a term of imprisonment and is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana.

4. Defendant is the United States of America.

5. The negligent and/or reckless acts and omissions giving rise to the claim asserted herein were committed by the employees of the Federal Bureau of

1

Prisons ("BOP"), an agency of the United States Department of Justice headquartered in Washington, D.C. The specific employees committing those negligent and/or reckless acts and omissions were employed at the United States Penitentiary in Lee County, Virginia ("USP Lee"). These employees are collectively referred to herein as the "USP Lee Employees."

## FACTUAL ALLEGATIONS

6. In 2008, Plaintiff was incarcerated at USP Lee serving a term of imprisonment.

7. Upon information and belief, Plaintiff was believed, by USP Lee Employees, to be a member of or to associate with members of the "Latin Kings" gang, which, at that time, made it unsafe for him to be left alone with any other inmates while incarcerated at USP Lee.

8. This was a known and specific risk which presented an immediate threat to the safety of Plaintiff.

9. On June 19, 2008, Plaintiff was brutally attacked while in Recreation Cage #8 of the Special Housing Unit Recreation Yard. The attack was carried out by five fellow inmates, also in Recreation Cage #8, believed to be Mike C. Long, Matthew J. Jones, Keven J. Holland, John D. Pinke and Randall D. Tomlinson.

10. These fellow inmates viciously beat and kicked Plaintiff, causing grave injuries to his entire body. Specifically, Sternberg suffered a right "blow-out" fracture of the orbital floor of his eye socket, a non-displaced fracture of the nasal bone which included entrapment of the inferior rectus eye muscle, bleeding into the

2

right sinus, left jaw TMJ, ear edema, deformity and bruising of the nasal bridge and forehead and knee abrasions.

11. The attack lasted approximately twenty minutes during which the USP Lee Employees stood by, observed the beating and did nothing.

12. USP Lee Employees failed to: (a) monitor or patrol the recreation cage in which Plaintiff was attacked and beaten; (b) failed to respond diligently to the attack or (c) allowed the attack to continue out of laziness, inattentiveness or indifference.

13. The attack was recorded by various penitentiary surveillance video cameras.

14. These cameras are used by USP Lee Employees to monitor the activities of inmates in the recreation cages of the Special Housing Unit Recreation Yard.

15. The various video cameras recorded the attack and beating, which ultimately rendered nine video recordings of the incident.

16. Despite Plaintiff's Freedom of Information Act/Privacy Act request for these nine video recordings – which was originally made on November 13th, 2009 – the videos remain in the exclusive possession and control of the Federal Bureau of Prisons.

17. The Federal Bureau of Prisons denied the Plaintiff's request for these videos on March 29th, 2010 and, after pursuing the appropriate administrative appeal process, the U.S. Department .of Justice, Office of Information Policy, issued a final denial of the Plaintiff's request on December 17th, 2010.

18 Before the attack, USP Lee Employees knew – or should have known and

but for their negligence would have known – that Plaintiff was in grave danger. The USP Lee Employees failed to take <u>any</u> action to prevent the attack or protect Plaintiff.

19. The Plaintiff's unattended placement in the recreation cage with the five fellow inmates who attacked and beat him was known to the USP Lee Employees to be a specific and immediate risk to the safety of Plaintiff and likely to result in Sternberg's being attacked and beaten by the other inmates in the recreation cage.

20. During the attack, USP Lee Employees knew – or should have known and but for their negligence would have known – that Plaintiff was being viciously assaulted.

21. The USP Lee Employees failed to take <u>any</u> action to prevent or stop the attack once it started and failed to protect Plaintiff, because of either laziness or inattentiveness or indifference

22. Plaintiff suffered grievous and permanent injuries as a result of the attack, including – as described above – deformity to his head and face as well as suffering a bruised brain and loss of consciousness after receiving the first punch. When Sternberg later regained consciousness he was in great and terrible pain and did not remember what had happened to him. Sternberg's memory has been affected. He suffers, and continues to suffer, from headaches and severe psychological and emotional distress.

## ADMINISTRATIVE PROCEEDINGS

23. On June 9, 2010, Plaintiff submitted an administrative claim for relief

pursuant to 28 U.S.C. § 2675, 28 C.F.R. § 14 and 28 C.F.R. § 543. Plaintiff alleged that the USP Lee Employees failed to protect him from attack, and that the attack caused him severe and permanent injuries. Sternberg sought damages totaling $250,000.00. A copy of Plaintiff's claim is attached as Exhibit A.

24. The BOP denied Plaintiff's claim on the merits on August 25, 2010. A copy of the letter denying the claim is attached as Exhibit B.

## CLAIM FOR RELIEF

25. Plaintiff repeats and re-alleges the above allegations contained in paragraphs 1-24.

26. At all relevant times, USP Lee Employees were employees of the BOP, an agency of the United States Department of Justice.

27. At all relevant times, USP Lee Employees were acting within the scope of their employment with the BOP.

28. At all relevant times, USP Lee Employees and the BOP owed Plaintiff a duty of reasonable care. On June 19, 2008, they breached that duty.

29. On or before June 19, 2008, USP Lee Employees knew – or should have known and but for their negligence would have known – that inmates at USP Lee, including Mike C. Long, Matthew J. Jones, Keven J. Holland, John D. Pinke and Randall D. Tomlinson, posed a specific, concrete and immediate threat to Plaintiff's safety. Thus, USP Lee Employees either:

    (a) knew about the immediate threat to Plaintiff's safety and had a

5

specific mandatory duty to take <u>some</u> action, but instead abdicated their duties and failed to take <u>any</u> action; or

    (b) had specific duties to monitor inmate activities, but negligently executed and breached those duties, and thereby failed to discover the immediate threat to Plaintiff's safety.

30. On June 19, 2008, USP Lee Employees knew – or should have known and but for their negligence would have known – that Plaintiff was being attacked by individuals including, Mike C. Long, Matthew J. Jones, Keven J. Holland, John D. Pinke and Randall D. Tomlinson. Thus, USP Lee Employees either:

    (a) knew Plaintiff was being attacked and had a specific mandatory duty to take <u>some</u> action, but instead abdicated their duties and failed to take <u>any</u> action; or

    (b) had specific duties to monitor inmate activities but negligently executed and breached those duties, and thereby failed to discover the attack on Plaintiff.

31. The aforementioned breaches of duty, cited above in paragraphs 28-30, directly and proximately caused the injuries Plaintiff suffered in the attack. Those injuries caused Plaintiff to suffer damages in an amount not less than $250,000.00.

32. The administrative remedies for this claim have been exhausted.

WHEREFORE, Plaintiff requests:

    a. that the Court enter judgment in favor of Plaintiff;

6

b. that the Court award Plaintiff damages in an amount not less than $250,000.00;

c. that the Court award Plaintiff any other available relief, including but not limited to, attorneys' fees; and

d. that the Court order any other relief that is deemed fair, equitable and just.

This __18th__ day of February, 2011

        Respectfully Submitted,

        By _____

        Henry S. Keuling-Stout, Esq.
        Keuling-Stout, P.C.
        125 Clinton Avenue, East
        Big Stone Gap, VA  24219
        Telephone: (276) 523-1676
        Facsimile: (276) 523-1608
        Email: keulingstout@gmail.com

        *Attorney for Plaintiff*

7

Case 2:11-cv-00008-JPJ-PMS   Document 1   Filed 02/18/11   Page 7 of 7   Pageid#: 7